UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-1474 SRW |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon review of self-represented Plaintiff Samuel Martin's Complaint under 28 U.S.C. § 1915A. For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**Legal Standard on Initial Review**

Plaintiff is a convicted and sentenced state prisoner at Potosi Correctional Center ("PCC") in Mineral Point, Missouri. ECF No. 1 at 2. Plaintiff filed this 42 U.S.C. § 1983 action against the State of Missouri, the "Office of Prosecutor," and Kathi Lynn Alizadeh, a Missouri prosecutor. *Id.* at 1-3. Although Plaintiff has paid the full filing fee in this matter, under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (holding that the statutory language of 28 U.S.C. § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee)).

Under 28 U.S.C. § 1915A, the Court is required to review and dismiss a complaint filed by a prisoner in a civil action if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Background**

I.  **Plaintiff's Complaint (ECF No. 1)**

Plaintiff brings this 42 U.S.C. § 1983 action in regard to his state criminal conviction, which dates back to 1997. ECF No. 1 at 3. According to Plaintiff, in March 1997, he was arrested for murder "in case number 2197R-02000A." He alleges that during the prosecution of that charge, "there were a number of illegalities" including "the use of false evidence," "withheld evidence," "falsified police reports," "lack of evidence," "falsified statements," "withholding of exculpatory evidence," questioning by police without presence of counsel, and use of physical evidence with a broken chain of custody. *Id.* at 3-4. Plaintiff alleges that these "illegalities" amount to prosecutorial misconduct. *Id.* at 3.

In terms of injuries, Plaintiff states that he has been imprisoned "for well over [t]wo decades" and that he has "suffered loss of freedom as well as life, liberty and the [p]ursuit of happiness." *Id.* at 4. For relief, Plaintiff seeks monetary damages totaling over 88 million dollars. *Id.* at 5.

II. **Plaintiff's Supplemental Filing (ECF No. 5)**

Approximately two months after initiating this suit, Plaintiff filed a document titled "Supplemental Brief and Memorandum of Law in Support of Civil Suit for Cause(s)." ECF No. 5. In this filing, Plaintiff explains that he is adding "defendants to this suit" and "the actual law and authorities," but that his filing is "NOT intended as an amendment." *Id.* at 1. Plaintiff then states that he wishes to add eight[1] defendants to this suit: (1) Daniel Chapman ("Chief of Police"); (2) Gwen Haugen ("Medical Examiner"); (3) John Kaltenbronn ("Crime Lab Specialist"); (4) Brian Law ("Police Officer"); (5) Michael Weaver ("Process Server for St. Louis Housing

---

[1]In his supplemental filing, Plaintiff lists nine defendants, but one of them, prosecuting attorney Kathi Alizadeh, was listed on his original Complaint.

3

Authority"); (6) Chris Napier ("Police Officer"); (7) Tom Kickham ("Detective"); and (8) Paul Aaron Yarns ("Special Public Defender"). *Id.* at 1-2. Plaintiff goes on to explain that this suit is "NOT challenging" his criminal conviction or his criminal sentence, but instead Plaintiff "attacks" the violation of his civil rights, including his due process rights. *Id.* at 1 & 3.

According to Plaintiff, during his state court trial, the "Prosecution" presented evidence in gross, blatant, and wholesale violation" of his civil rights. *Id.* at 3. Plaintiff argues that the "facts" presented in his state case were "NOT accurate" and that defendants manufactured evidence and presented false testimony and evidence. *Id.* Plaintiff goes on to assert that even his "own Counsel" assisted "in the fraud committed upon the Court." *Id.* at 4. Plaintiff provides detail on some of the evidence and testimony presented in his state trial and alleges violations of the Fourth Amendment and the confrontation clause. *Id.* at 4-5 & 7. Finally, Plaintiff argues that qualified immunity is not applicable here to protect the defendants from suit and then he discusses the legalities of perjury and official misconduct under Missouri state statutes. *Id.* at 8-12.

### III. Plaintiff's State Court Conviction

Because Plaintiff's claim is based on "illegalities" that allegedly occurred in his Missouri state court conviction, some background understanding of that case is appropriate. Independent review of Plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff was found guilty by a Missouri jury on September 16, 1998, of one count of murder in the first degree and one count of armed criminal action. *State v. Martin*, No. 2197R-02000A (21st Jud. Cir. filed Mar. 27, 1997). Plaintiff was sentenced to life without parole on the murder charge and thirty (30) years on the armed criminal action charge, with sentences to run consecutively. *Id.*; *see also* ECF No. 5 at 3. The prosecuting attorney on the case was Kathi Lynn Alizadeh.

4

Because of the age of Plaintiff's state court conviction, not all documents are available online. However, online records do indicate that Plaintiff's conviction was affirmed on appeal by the Missouri Court of Appeals in 2000. Subsequently, Plaintiff's motion for post-conviction relief under Rule 29.15 was denied in April 2001 and that denial was affirmed on appeal in February 2002. *Martin v. State*, No. 2100CC-03466 (21st Jud. Cir. filed Sept. 20, 2000); *Martin v. State*, 69 S.W.3d 142 (Mo. Ct. App. 2002).

Finally, records indicate that Plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus regarding his 1998 conviction in this Court in April 2003. *Martin v. Kemna*, No. 4:03-CV-480-HEA (E.D. Mo. filed Apr. 14, 2003). After briefing, the writ was denied in September 2005 for being untimely; however, the Court of Appeals found Plaintiff's petition timely and remanded for further proceedings consistent with that finding. *Id.* at ECF Nos. 18-19 & 30. On remand, the district court found Plaintiff's arguments without merit and denied his petition. *Id.* at ECF Nos. 33 & 36-37. Plaintiff's appeal of that decision was dismissed by the Eighth Circuit Court of Appeals in 2008. *Id.* at ECF Nos. 46 & 48.

**Discussion**

After careful review and liberal construction of the pleadings, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A. As discussed below, Plaintiff's claims are barred by the statute of limitations and by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As such, this case will be dismissed.[2] *See* 28 U.S.C. § 1915A(b)(1).

---

[2] The Court acknowledges its duty to liberally construe the allegations of a self-represented plaintiff's Complaint. However, although Plaintiff's claims concerning his state court conviction sound like a challenge to the validity of his confinement, it would be futile to reconstrue Plaintiff's Complaint as bringing habeas claims under 28 U.S.C. § 2254 because Plaintiff has already sought and been denied habeas relief in this Court. In addition, Plaintiff explicitly states in his supplemental filing that he "is NOT challenging the conviction itself nor is he challenging the sentence." ECF No. 5 at 3.

5

I.      **Amendment of the Complaint**

First, before addressing the deficiencies of Plaintiff's Complaint, the Court must address Plaintiff's attempt to amend his Complaint. To the extent that Plaintiff's supplemental filing is seeking to add defendants to this matter, the Court does not accept amendments by interlineation (*i.e.*, by adding language to the pending complaint), because it creates confusion in the record, especially for the responding party. Moreover, if Plaintiff seeks to add defendants, he must file a proposed amended complaint. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)(finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

Plaintiff here did not include a proposed amended complaint with this "Supplemental Brief" and although Plaintiff explicitly states that he is not seeking to amend in this Brief, there is no method by which he can add defendants to this case without amending his Complaint. Furthermore, in order to amend his Complaint, Plaintiff must submit an amended complaint with a motion seeking leave to amend. Plaintiff has filed neither.

Regardless of Plaintiff's attempt to add defendants without amending his Complaint, the Court finds that even if the additional eight (8) defendants were added to this case, the matter would still be subject to dismissal for the reasons discussed below. The deficiencies of the Complaint are not dependent on the named defendants. Plaintiff's claims are barred by the statute of limitations and by *Heck v. Humphrey* irrespective of who he names as defendants.

II.     **Plaintiff's Claims are Time-Barred**

Based on the allegations of Plaintiff's Complaint, his § 1983 claims against defendants are time-barred. Although the statute of limitations is an affirmative defense, a district court may

6

properly dismiss a complaint upon initial review when it is apparent the statute of limitations has run.  *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).  Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations.  *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

In this case, Plaintiff's allegations against defendants are in regard to a state court trial that occurred in 1998.  This case was filed in November 2023.  Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims against defendants were filed about twenty years too late.  As such, Plaintiff's § 1983 claims are time-barred and must be dismissed for failure to state a claim upon which relief may be granted.

### III.     Plaintiff's Claims are Barred by *Heck v. Humphrey*

In addition, even if Plaintiff's Complaint was not time-barred, the Court cannot grant the relief Plaintiff seeks.  According to the United States Supreme Court, a § 1983 claim for money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The Supreme Court later expanded its holding in *Heck* by stating that an action "is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, Plaintiff's alleges that defendants violated his constitutional rights in the state court trial that led to his conviction.  His claims question the legitimacy of his criminal conviction, and he blames defendants for his loss of freedom.  Plaintiff seeks money damages but not injunctive

7

relief or release from custody.  A finding that the allegedly unlawful acts by defendants caused Plaintiff's unconstitutional imprisonment, would render Plaintiff's criminal conviction or sentence invalid.

As discussed above, Plaintiff's conviction and sentence have not been invalidated previously by any Court to have considered them.  His conviction was affirmed on appeal, and he was denied federal habeas relief.  Therefore, Plaintiff's claims here are not cognizable under § 1983 and subject to dismissal for failure to state a claim.  *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).

**Conclusion**

Even though self-represented Plaintiff paid the full filing fee in this matter, as a prisoner bringing suit against a government entity and/or employees of a governmental entity, Plaintiff's case is subject to review under 28 U.S.C. § 1915A.  Based on such review, this case must be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).  Plaintiff's claims are time-barred, as they relate to alleged civil rights violations which occurred in a 1998 trial.  Also, Plaintiff's 42 U.S.C. § 1983 claims are barred under *Heck v. Humphrey* because Plaintiff's claims question the legitimacy of his state court conviction and sentence, and that conviction and sentence have not previously been found invalid.  For these reasons, Plaintiff case will be dismissed, and his pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

8

**IT IS FURTHER ORDERED** that Plaintiff's motion for subpoenas [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for issuance of subpoenas [ECF No. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2024.